## JUNE TERM, 1787.

THOMAS HINTON, heir-at-law of Joseph Hinton, deceased, by William Morrice, his next friend, *v.* THE HEIR of WILLIAM STEWART, deceased.

### *On a Caveat.*

On the 7th day of May, 1785, the plaintiff entered the following caveat, to-wit:

"Let no grant issue to Wm. Stewart, his heirs or assigns, for 1,000 acres of land, lying and ing in Fayette county, on the

Hinton *v.* Stewart's Heir.

waters of Glenn's creek, it being a pre-emption granted to Thomas Glenn, deceased, and assigned by David Glenn, heir-at-law of the said Thomas, to the said William Stewart; because Thomas Hinton, heir-at-law of Joseph Hinton, deceased, by William Morrice, his next friend, claims the same by an older improvement, for which the commissioners for the district of Kentucky granted a certificate to the said Joseph Hinton."

Joseph Hinton, on the 4th day of February, 1780, obtained from the commissioners the following certificate, to-wit:

"Joseph Hinton this day claimed a pre-emption of 1,000 acres of land, at the state price, in the district of Kentucky, on account of marking and improving the same in the year 1776, lying on a fork of Glenn's creek, that heads toward Leestown, joining the lands of Cyrus McCracken, to include his cabin; satisfactory proof being made to the court, they are of opinion that the said Hinton has a right to a pre-emption of 1,000 acres of land, to include the said improvement, and that a certificate issue accordingly."

And on the 30th day of May, in the year 1783, entered his pre-emption warrant with the county surveyor in the following words, to-wit:

"Joseph Hinton enters 1,000 acres of land, on a pre-emption warrant, No. 1,172, on the north fork of Glenn's creek, that empties into the said creek about two miles from the mouth of the creek, to include his improvement, the survey to be run so as to include the improvement a half mile on the west, and three-quarters of a mile on the south, and three-quarters on the east, and to extend north for quantity, at right angles, running the lines east, west, north and south."

The heirs of Thomas Glenn, on the 22d day of April, in the year 1780, obtained from the commissioners the following certificate, to-wit:

"The heirs of Thomas Glenn, deceased, by David Glenn, this day claimed a pre-emption of 1,000 acres of land, at the state price, in the district of Kentucky, on account of marking and improving lands, in the year 1774, lying on the first fork of Glenn's creek, about two miles above the forks, including a small sinking spring improvement made by David Glenn. Satisfactory proof being made to the court, they are of opinion that the said heirs, etc., are entitled to the pre-emption of 1,000 acres of land, to include the above location, and that a certificate issue accordingly."

And on the 28th day of April, in the year 1783, Wm. Stewart entered the pre-emption warrant in the following words, to-wit:

"William Stewart, assignee of the heirs of Thomas Glenn, enters 1,000 acres of land on a pre-emption warrant, No. 1,233, beginning on the north, or Blackford's fork of Glenn's creek, to begin on the upper side of said fork, on the course south 67 west, from a small sinking spring and improvement, and to run south 67 east, twice the width of the survey in length; then off at right angles north-westwardly and southwardly so as to include the quantity."

The annexed connected plat, No. 2, was returned in this cause, of which the following is an explanation:

*N° 2.*

A B C D, Thomas Hinton's pre-emption of 1,000 acres, as assignee of Joseph Hinton, as surveyed. E, Joseph Hinton's cabin. F G H I, Wm. Stewart's pre-emption of 1,000 acres, as assignee of the heirs of Thomas Glenn, as surveyed. K, the spring called for in the defendant's certificate.

The following facts were found by a jury:

*First.* That the spring in the survey of the defendant is the same granted by the court of commissioners to the heirs of Thomas Glenn.

*Second.* That the cabin in the plaintiff's survey is the same granted by the commissioners to Joseph Hinton.

*Third.* That the defendant did begin his survey, on the upper side of Blackford's fork, in a course south 67 west, in a direct line from a small sinking spring and improvement.

*Fourth.* That there was a division line established between Hinton and David Glenn, as agent for Thomas Glenn, and that the defendant has not run agreeably to the conditional line.

*Fifth.* That the division line was to run with the creek.

BY THE COURT.—The defendant ought to have surveyed his pre-emption on the east side of Glenn's creek. Judgment for the plaintiff for all the land in the defendant's survey which is on the west side of Glenn's creek, and is, also, within the bounds of the plaintiff's own survey. Order of survey, etc.